HEARST *corporation*

*Jonathan R Donnellan*
*Deputy General Counsel*

*Office of*
*General Counsel*

*Eve Burton*
**Senior Vice President**
*and General Counsel*

*Jonathan R Donnellan*
*Mark C Redman*
**Deputy General Counsel**

*Kristina E Findikyan*
*Larry M Loeb*
*Kenan J Packman*
*Peter P Rahbar*
*Maureen Walsh Sheehan*
*Ravi V Sitwala*
*Jack Spizz*
*Debra S Weaver*
**Senior Counsel**

*Charlotte Burles*
*Carolene S Eaddy*
*Bridgette Fitzpatrick*
*Shari M Goldsmith*
*Carl G Guida*
*Audra B Hart*
*Diego Ibargüen*
*Siu Y Lin*
*Alexander N Macleod*
*Kevin J McCauley*
*Alexandra McGurk*
*Jonathan C Mintzer*
*Aimee Nisbet*
*Courtenay O'Connor*
*Shira R Saiger*
*Eva M Saketkoo*
*Aryn Sobo*
*Jennifer G Tancredi*
*Stephen H Yuhan*
**Counsel**

*Catherine A Bostron*
**Corporate Secretary**

January 29, 2014

**VIA ECF**

Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

   Re: *Miller v. Hearst Communications Inc.*, No. 12-57231

Dear Ms. Dwyer:

     Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, Defendant-Appellee Hearst Communications, Inc. respectfully submits for this Court's consideration the decision in *Boorstein v. CBS Interactive, Inc.*, No. B247472, --- Cal. Rptr. 3d ----, 2013 WL 6680796 (Cal. Ct. App. Dec. 19, 2013), which further supports the district court's order dismissing Miller's claims for lack of standing.

     In *CBS Interactive*, plaintiffs brought the same claims at issue in this appeal: purported violations of California's Shine the Light Law ("STL"), Cal. Civ. Code § 1798.83 *et seq.*, and the Unfair Competition Law, Bus. & Profs. Code § 17200 *et seq.*, stemming from CBS Interactive's failure to post in its online privacy policy certain contact information for making a request for information regarding its practices regarding the disclosure of personal information as required under the STL. Plaintiff did not allege that he ever requested CBS Interactive's disclosure information. 2013 WL 6680796, at *1-2.

     The Court of Appeals affirmed the trial court's dismissal of the claims.

*300 West 57th Street*
*New York, NY 10019-3792*
*T 212 649 2051*
*F 646 280 2051*
*jdonnellan@hearst.com*

First, the court held that "a plaintiff must have suffered a statutory injury to have standing to pursue a cause of action under the STL, regardless of the remedies he or she seeks." *Id*. at *5.

The court then held that plaintiff lacked statutory standing because plaintiff did not allege that he had made a request for any information regarding CBS Interactive's disclosure practices. *Id*. at *6. The court held, "[F]ailure to post information on its website in the manner the statute requires, *without more*, does not give rise to a cause of action." *Id*. at *10. The court also dismissed plaintiff's UCL claim for lack of statutory standing. *Id*.

*CBS Interactive* is the first appellate decision from any state or federal court interpreting the Shine the Light statute, Cal. Civ. Code § 1798.83 *et seq*., and the appellate court's decision rejecting the very arguments advanced by Miller in this appeal further supports Hearst's position that the decision below should be affirmed. (*See* Hearst's Br. at 18-26 (injury required for standing to sue), 26-37 ("informational injury" not actionable), 37-39 (no standing under UCL).)

                Respectfully submitted,

                /s/ Jonathan R. Donnellan
                Jonathan R. Donnellan

                *Attorneys for Defendant-Appellee*
                *Hearst Communications, Inc.*

cc:    All Counsel of Record (via ECF)

Attachment

# CERTIFICATE OF COMPLIANCE PURSUANT TO

# FRAP 28(j) and CIRCUIT RULE 28-6

I certify, pursuant to Fed. R. App. P. 28(j) and Ninth Circuit Rule 28-6, that the body of the attached letter is proportionately spaced, has a typeface of 14 points or more, and contains 349 words.

Dated:  January 29, 2014

                              THE HEARST CORPORATION

                By:   /s/ Jonathan R. Donnellan

                              Jonathan R. Donnellan

                              *Attorneys for Defendant-Appellee*
                              *Hearst Communications, Inc.*